IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| HUSSAM ZUHIR RAJAB, | |
| *Plaintiff*, | Case No. 1:19-cv-5251 |
| v. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, DEPARTMENT OF HOMELAND SECURITY, | |
| *Defendants*. | |

## INTRODUCTION

1.  Plaintiff Hussam Zuhir Rajab ("Plaintiff" or "Mr. Rajab") is a noncitizen in removal proceedings who filed, through his attorney, a request to United States Citizenship and Immigration Services ("USCIS") for his individual immigration file ("A-File"), including, *inter alia*, notes taken during a *pro se* interview with him at a USCIS Asylum Office. Because USCIS failed to comply with the statutory timeframe for releasing documents in response to Mr. Rajab's FOIA request, he now files this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Without the requested records he will be highly prejudiced at his merits hearing, currently scheduled for September 24, 2019. Mr. Rajab seeks disclosure of agency records improperly withheld and other appropriate relief.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) as this action arises under FOIA pursuant to 5 U.S.C. § 552. FOIA grants the federal district courts of the United States "jurisdiction to enjoin [an executive] agency from withholding agency

records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 2201 (declaratory judgment).

3. Venue is proper in the Eastern District of New York pursuant to 5 U.S.C. § 552(a)(4)(B) because Plaintiff resides in this judicial district, his FOIA request was submitted from this district, his attorneys' office is in this district, and there is no real property involved in this action.

4. Plaintiff has exhausted all applicable administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

## PARTIES

5. Plaintiff Hussam Zuhir Rajab is a Syrian torture survivor and asylum-seeker who submitted a FOIA request to USCIS. He is a resident of North Bellmore, New York. He is in removal proceedings at Varick Street New York Immigration Court. He has been detained at Hudson County Jail in Kearny, New Jersey since July 8, 2019.

6. Defendant USCIS is a component agency of Department of Homeland Security ("DHS") and is an agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). Among other duties, USCIS is responsible for adjudicating petitions and applications for certain immigration benefits in the United States. USCIS has in its possession, custody, and control individual immigration files, formally titled Alien Registration Files, also known as A-Files. The National Records Center of USCIS is located in Lee's Summit, Missouri.

7. Defendant DHS is a Department in the Executive Branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1). DHS is headquartered in Washington, D.C.

## STATEMENT OF FACTS

8. This case is based on Plaintiffs' July 25, 2019, request to obtain his A-File, including his Asylum Office interview notes, from USCIS (the "Request"). The Request has gone unanswered and the records have been improperly withheld.

9. In his removal proceeding, Mr. Rajab is applying for asylum relief. His Individual Hearing, during which he will need to present evidence in support of his claim for relief and where he will be cross-examined on his testimony, is scheduled for September 24, 2019. Mr. Rajab made his FOIA Request so that, during his removal proceedings, he has access to the records that the government maintains about him and which they may try to use against him at his immigration hearings. The Request, *inter alia*, includes information and notes from an asylum interview conducted *pro se* at the USCIS Asylum Office, which occurred prior to Mr. Rajab retaining *pro bono* counsel. Under the settlement agreement in *Martins v. USCIS*, No. 13-cv-00591, Mr. Rajab is entitled to and USCIS is obligated to produce these records.

10. Mr. Rajab was served a Notice to Appear on July 8, 2019. His next scheduled hearing before an immigration judge at Varick Street Immigration Court is his Individual Hearing on September 24, 2019.

11. On July 25, 2019, Mr. Rajab, through his attorney, Mr. Jesse Rockoff, submitted the Request to USCIS seeking "All records on [Mr. Rajab], incl[uding] 'A' file, all emails, worksheets, notes, database entries & interview records, incl[uding] asylum officer notes per the Martins v. USCIS settlement and records of notes taken during any interview of subject by any officer of DHS, including by HSI, & including during visits to subject's home." The Request complied with USCIS's FOIA requirements and is attached as Exhibit A.

12. The USCIS FOIA guide indicates that requests should be submitted to uscis.foia@uscis.dhs.gov. *See* U.S. Citizenship and Immigration Services, Freedom of Information Act Request Guide, 5, July 10, 2019, https://www.uscis.gov/sites/default/files/files/nativedocuments/USCIS_FOIA_Request_Guide.pdf ("USCIS FOIA Guide"). Plaintiff's Request was mailed electronically to that address on July 25, 2019. *See* Ex. A.

13. USCIS prioritizes certain requests for records sought by a person who will appear before an immigration judge. USCIS FOIA Guide at 6. Those requests are placed on "Track 3." *Id*. In order to qualify for Track 3 treatment, a request must include supporting documents, such as a notice of a future scheduled hearing before an immigration judge. *Id*.

14. Mr. Rajab asked that his Request be placed on the accelerated track and be given priority treatment. His Request complied with the USCIS requirements for Track 3 processing as he attached an immigration court hearing notice. *See* Ex. A.

15. Defendants did not affirmatively provide an acknowledgement of the FOIA Request, despite it having been properly submitted; thus, on August 16, 2019, Mr. Rockoff expressly requested a receipt by emailing the FOIA office at USCIS.FOIA@uscis.dhs.gov and foiapaquestions@uscis.dhs.gov. *See* Ex. B.

16. In response and by email on August 19, 2019, Defendants confirmed receipt and assigned control number NRC2019583769. Notably, USCIS confirmed that it first "created" the Request on August 16, 2019, the day of Mr. Rockoff's follow-up email, weeks after the Request was initially submitted. USCIS also stated that in response to Mr. Rockoff's follow-up email it would send an acknowledgment letter. *See* Ex. C.

17. The USCIS National Records Center sent Mr. Rockoff the letter, dated August 16, 2019, acknowledging receipt of Mr. Rajab's FOIA Request and now stating that the Request was received on July 30, 2019.[1] The letter confirmed the Request was placed on the accelerated Track 3 and referenced the same control number (NRC2019583769). In the letter, USCIS invoked the 10-day extension to respond to the Request pursuant to 5 U.S.C. § 552(a)(6)(B). *See* Ex. D.

18. As of the date that this Complaint is filed (September 13, 2019), Defendants have not provided any determination regarding compliance with Mr. Rajab's Request. His Request has now been pending for 50 days[2] without a response.

19. USCIS has thus far failed to conduct a legally adequate search for the requested agency records within the time period mandated by FOIA and has failed to produce all responsive agency records to Plaintiff within that same time period.

20. USCIS's action is highly prejudicial to Mr. Rajab's asylum case, currently pending at Varick Street Immigration Court. In the absence of further action by USCIS, Mr. Rajab will not be able to obtain the records the government maintains about him prior to his Individual Hearing on September 24, 2019. This includes the notes of the multi-hour, *pro se* interview he did at a USCIS Asylum Office on the very same matters which will be the subject of his asylum hearing in immigration court on September 24, 2019. *See Matter of Duran*, 20 I&N Dec. 1, 3 (BIA 1989) ("We have no difficulty concluding that . . . a person in immigration

---

[1] In fact, Mr. Rajab's Request was submitted electronically via the USCIS FOIA email three business days—or five calendar days—earlier, on July 25, 2019. *See* Ex. A.

[2] The Request has been pending for 50 calendar days—or 35 business days—since Mr. Rajab submitted it on July 25. The Request has been pending for 45 calendar days—or 32 business days—since the July 30, 2019 receipt date acknowledged by USCIS.

proceedings should be given access to the records maintained about himself by the Immigration and Naturalization Service [whose successor, in pertinent part, is USCIS]. . . .").

**CLAIM FOR RELIEF**

**COUNT 1**

**Violation of the Freedom of Information Act, 5 U.S.C. § 552:**
**Failure to Conduct an Adequate Search for Responsive Records**

21. Plaintiff restates and incorporates by reference the allegations contained in the preceding paragraphs.

22. Defendants are obligated under 5 U.S.C. § 552(a)(3)(C) to conduct a reasonable search for records responsive to Plaintiff's FOIA Request.

23. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendants' failure to search for them.

24. Defendants' failure to conduct a reasonable search for records responsive to Plaintiff's FOIA Request violates 5 U.S.C. § 552(a)(3)(C).

**COUNT 2**

**Violation of the Freedom of Information Act, 5 U.S.C. § 552:**
**Failure to Disclose Responsive Records**

25. Plaintiff restates and incorporates by reference the allegations contained in the preceding paragraphs.

26. Defendants are obligated under 5 U.S.C. § 552(a)(3) to promptly produce records responsive to Plaintiff's FOIA Request.

27. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendants' failure to disclose them.

28. Under the settlement agreement in *Martins v. USCIS*, No. 13-cv-00591, USCIS is obligated to produce "A-Files [and] asylum officer interview notes specifically, [] records

reflecting information, instructions, and questions asked by officers and responses given by applicants in asylum interviews." *Martins v. USCIS*, No. 13-cv-00591 (LB) (N.D. Cal Nov. 19, 2013) (ECF 42 at 4).

29. Defendants' failure to disclose all responsive records violates 5 U.S.C. § 552(a)(3)(A).

## COUNT 3

### Violation of the Freedom of Information Act, 5 U.S.C. § 552: Failure to Respond within Time Required

30. Plaintiff restates and incorporates by reference the allegations contained in the preceding paragraphs.

31. Defendants are obligated under 5 U.S.C. § 552(a)(6)(A)(i) to produce records responsive to Plaintiff's FOIA Request within 20 business days. Defendants have invoked an extension of an additional 10 days under 5 U.S.C. § 552(a)(6)(B). Defendants have failed to produce any responsive records in response to Plaintiff's FOIA Request within the statutory 30 business days permitted under 5 U.S.C. § 552(a)(6).

32. Plaintiff has a legal right to timely obtain records responsive to his Request, and no legal basis exists for Defendants' failure to timely disclose them.

33. Defendants' failure to disclose all responsive records within the statutory timeframe violates 5 U.S.C. §§ 552(a)(6)(A)(i) and 552(B).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment in his favor against Defendants, and asks that the Court:

    A.    Assume jurisdiction over this matter;

B.  Order Defendants to expeditiously conduct an adequate search for all records responsive to Plaintiff's FOIA Request in accordance with 5 U.S.C. § 552(a)(3)(C);

C.  Order Defendants to expeditiously disclose all responsive, non-exempt records and enjoin Defendants from improperly withholding records;

D.  Declare that Defendants' failure to conduct an adequate search violates 5 U.S.C. § 552(a)(3)(C);

E.  Declare that Defendants' failure to disclose the records responsive to Plaintiff's Request violates FOIA, 5 U.S.C. § 552(a)(3)(A);

F.  Declare that Defendants' failure to promptly produce records responsive to Plaintiff's Request violates FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i) and (B);

G.  Award Plaintiff reasonable attorneys' fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E) and any other applicable statute or regulation; and

H.  Grant such other relief as the Court may deem just, equitable, and appropriate.

Dated: September 13, 2019

Respectfully submitted,

*s/ Brooke Menschel*

Brooke Menschel
Sonia Marquez
Jesse Rockoff
BROOKLYN DEFENDER SERVICES
177 Livingston Street, 7th Floor
Brooklyn, NY 11201
Tel: (718) 254-0700
bmenschel@bds.org
smarquez@bds.org
jrockoff@bds.org

*Counsel for Plaintiff*